IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CASEY COWART § § § | |
| v. § § | Civil Action No. 11-1130 |
| DAVENPORT DRILLING & PUMP SERVICE, INC. § § § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes CASEY COWART, Individually, and on behalf of similarly situated present and former employees, hereinafter referred to as "Plaintiff," complaining of DEAN DAVENPORT, DAVENPORT DRILLING & PUMP SERVICE, INC., and 5D DRILLING & PUMP SERVICE, INC., hereinafter referred to as "Defendants". For cause of action, Plaintiff would respectfully show unto the Court the following:

### I.

### PARTIES

1.  Plaintiff is an individual who resides in Bexar County, Texas.

2.  Defendant DEAN DAVENPORT is an individual doing business in Bexar County, Texas. Defendant may be served by certified mail, return receipt requested by serving Dean Davenport, 11844 Bandera Road, PMB 711, Helotes, Texas 78023. Plaintiff has requested a waiver of service from Defendant.

3.  Defendant DAVENPORT DRILLING & PUMP SERVICE, INC. is a business entity doing business in Bexar County, Texas. Defendant may be served by certified mail, return receipt requested by its' registered agent for service: Dean Davenport, 11844 Bandera

Road, PMB 711, Helotes, Texas 78023. Plaintiff has requested a waiver of service from Defendant.

4. Defendant 5D DRILLING & PUMP SERVICE, INC. is a business entity doing business in Bexar County, Texas. Defendant may be served by certified mail, return receipt requested by serving its' registered agent for service: Dean Davenport, 11844 Bandera Road, PMB 711, Helotes, Texas 78023. Plaintiff has requested a waiver of service from Defendant.

## II.

## VENUE & JURISDICTION

5. Venue of this lawsuit is proper in Bexar County, Texas and this District in that all or a substantial part of events or omissions giving rise to this cause of action occurred in Bexar County, Texas.

6. Jurisdiction is proper in that this claim arises under a federal statute, the Fair Labor Standards Act.

## III.

## MISNOMER/MISIDENTIFICATION

7. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## IV.

## RESPONDEAT SUPERIOR

8. Employees involved in this cause of action were, at all times described herein,

employees and vice-principals of Defendant and were at all times acting in the course and scope of that employment. Accordingly, Defendant is liable for such conduct under the doctrine of *Respondeat Superior*.

## V.

## FACTUAL BACKGROUND

9.  Plaintiff is a former employee of Defendant(s). Plaintiff and other unnamed present and/or former employees of Defendant(s) was/were required to work in excess of 40 hours per week but was/were not paid overtime as required by law. The Defendants' failure to pay overtime pay violated the Fair Labor Standards Act (FLSA). Therefore, Plaintiff is entitled to recover pay for each hour worked in excess of 40 hours during any one work week at the rate of one and one half times his hourly rate. Further, Plaintiff would show that the FLSA violations were willful. Therefore, Plaintiff is entitled to three years of accrued, unpaid overtime pay. Plaintiff is also entitled to liquidated damages in an amount equal to the overtime benefits due because of the willful nature of the Defendants' failure to take reasonable steps to comply with the FLSA.

10. Plaintiff was paid a salary of approximately $2300 and other varied amounts for every two weeks worked. However, he worked approximately 80 hours per week and was not paid overtime. His hourly rate was approximately $28.75 per hour and he would have been entitled to $ 43.13 per hour for overtime hours worked. Because he was not paid overtime, he was owed approximately $1725.20 per week for overtime, assuming he worked an average of 40 hours of overtime. Assuming an entitlement to two year of overtime, he is owed at least $ 89,710.40 per year or $179,420.80 for the two year period. Liquidated damages would be an equal amount of $179,420.80. Assuming the court finds he is entitled

to three years of overtime, he is owed at least $269,131.20, for the three year period. Liquidated damages would be an equal amount of $269,131.20, assuming the court finds he is entitled to a recovery for three years of unpaid overtime.

## VI.

## ATTORNEY'S FEES

11.   It was necessary for Plaintiff to retain the services of the undersigned attorney to prosecute this action. Plaintiff is entitled to recover the reasonable and necessary attorneys fees, expert fees and court costs to prosecute this action.

## VII

## CONCLUSION

12.   WHEREFORE, PREMISES CONSIDERED, Plaintiff, Individually, and on behalf of all present and former employees, prays that the Defendants be cited to appear and answer herein and that upon a final hearing hereof, a judgment be rendered against the Defendants, for the actual damages, liquidated damages and other recoverable damages set out above in an amount the jury deems reasonable under the circumstances, along with costs of court, pre-judgment interest, post-judgment interest, and for such other and further relief to which Plaintiff may show herself justly entitled.

Respectfully Submitted,

_____
Adam Poncio
State Bar No. 16109800
PONCIO LAW OFFICES
A Professional Corporation
5410 Fredericksburg Road, Suite 109
San Antonio, Texas 78229-3550
Telephone:   (210) 212-7979
Facsimile:   (210) 212-5880

Ramon A. Cervantes III
LAW OFFICES OF RAMON CERVANTES III
State Bar No. 04048850
PONCIO LAW OFFICES
507 S. Main Avenue
San Antonio, Texas 78204
Telephone:   (210) 227-1888
Facsimile:   (210) 227-2488

**ATTORNEYS FOR PLAINTIFF**